UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

CIVIL ACTION NUMBER:  5:19-cv-52-TBR

CHRIS G. LANGSTON                                                                    PLAINTIFF

v.                                              **COMPLAINT**

HARTFORD LIFE AND ACCIDENT INSURANCE CO.                      DEFENDANT

SERVE:    KY Secretary of State for:
          CT Corporation System
          67 Burnside Ave. East Hartford CT 06108-4308

Comes now the Plaintiff, Chris G. Langston, by counsel, and for his complaint states as follows:

1.     This action arises under the Employee Retirement Income Security Act of 1974 [29 USC Section 1001 et. Seq.] (ERISA) and more particularly § 502 (a) (1) (B) and § 502 (c) of said Act [29 USC Section 1132 (a) (1) (B), § 1132 (e).

2.     The Plaintiff is and was at all times relevant herein mentioned, an adult citizen of the State of Kentucky whose mailing address is 1804 Almus Road Wingo, Graves County KY 42088.

3.     The Plaintiff was employed from approximately July 6, 2006, until November 13, 2016, as an Installer Service Specialist for O'Reilly Automotive, Inc. at their store in Mayfield KY.

4.     The Plaintiff, through his employer, was at all times relevant herein, covered by a Group Insurance Long-Term Disability Plan (hereafter referred to as the "Plan") administered and funded by Defendant, Hartford Life and Accident Insurance Co.

1

5.    The Defendant, Hartford Life and Accident Insurance Co. is a foreign corporation licensed to do business in the Commonwealth of Kentucky with a principal place of business as One Hartford Plaza Hartford CT 06155, and an agent for service of process as CT Corporation System 67 Burnside Ave. East Hartford CT, 06108-3408

6.    The court also has jurisdiction over this matter pursuant to 28 USC § 1332, in that the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.    Defendant's Plan, is qualified employee's pension or retirement plan under the Internal Revenue Code of 1954, as amended, and an employee pension plan within the meaning of 29 USC § 1002 (2) (A) and § 1002 (35).

8.    On or about July 6, 2006, the Plaintiff became employed by O'Reilly Automotive Inc., and remained continuously employed under the terms of the plan until November 13, 2016 when Plaintiff ceased his employment with O'Reilly Automotive, Inc., due to his inability to perform his necessary job functions.  He has been unable to return to his employment, or any employment.

9.    On or about January 18, 2017 Plaintiff applied for Group Long Term Disability Benefits under the Defendant's plan based upon his physical condition.

10.   Plaintiff's application was initially approved by the Defendant and Plaintiff received long term disability benefits under the Plan until his benefits were stopped by the Defendant on February 1, 2019.  Plaintiff timely and appropriately appealed the denial of her benefits beyond January 31, 2019 on several occasions pursuant to the Plan. Plaintiff's

2

last denial notification was dated January 14, 2019 and he received same shortly thereafter. The Plaintiff has exhausted all of his administrative remedies regarding his long term disability claim under the Plan and the Defendant has closed the record.

11. Benefits due are vested under the Pension Plan, and Plaintiff has complied with all such conditions in order to receive such disability benefits.

12. The Defendant failed to properly consider evidence offered by Plaintiff establishing that the Plaintiff is, due to injury or sickness, unable to perform the material duties of any occupation for which he is reasonably qualified .

13. The Defendant failed to provide Plaintiff with the opportunity for a full and fair review of his claim and further failed to timely provide the necessary information required for accurate notice in violation of 29 USC Section 1133. The Defendant failed to provide Plaintiff with a complete copy of all relevant documents contained in his file in a timely manner.

14. The above mentioned decision of the Defendant denying Plaintiff benefits due under the terms of the Pension Plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

15. As the direct and proximate result of the actions of the Defendant, Plaintiff has incurred costs and attorney's fees in an amount not currently known to Plaintiff.

16. As the direct and proximate result of above actions of the Defendant, Plaintiff has lost benefits in an amount not known in full to Plaintiff, but such loss approximates the

amount of benefits due under the terms of the Plan for each month since January 31, 2019, and this amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

17. The Plaintiff has submitted to the Defendant in support of her claim for disability benefits under the Plan, substantial and compelling evidence of her disability. The Plaintiff has submitted medical records and statements from treating physicians which specifically verify in great detail his incapacity, and the medical reasons therefor.

18. Defendant had no legitimate or logical reason for refusing to pay Plaintiff's valid claim under the Plan.

19. Defendant's intentional refusal to pay Plaintiff's valid claim under the Plan was a breach of the Plan and of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the Plan.

WHEREFORE, the Plaintiff requests relief against the Defendant as follows:

1. An order requiring the above Defendant to pay Plaintiff all long term disability benefits accrued and unpaid to the date of this judgement;

2. An order for Defendant to designate Plaintiff as an eligible participant under the Plan and to Pay Plaintiff a monthly pension in appropriate amount under the Plan henceforth;

3. Plaintiff be awarded attorney fees and costs of this action and such other relief as deemed appropriate;

4. All other relief for which she may be entitled.

4

Donald R. Green, Jr.
Law Offices of Donald R. Green, Jr.
5120 Village Square Drive, Suite 105
Paducah, KY  42001
Telephone:   (270) 443-8992
Facsimile:    (270) 408-4530
Email: drglawyer@juno.com

Attorney for Plaintiff